## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Nicholas Denard Partridge, | ) | CASE NO. 1:22 CV 01573 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | Memorandum of Opinion and Order |
| Cuyahoga County | ) | |
| Common Pleas Court, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

*Pro se* Plaintiff Nicholas Denard Partridge, a Georgia resident, filed this action against the Cuyahoga County Common Pleas Court and Cuyahoga County Common Pleas Court Judge Brian Corrigan.  In the Complaint, Plaintiff alleges Judge Corrigan dismissed a case Plaintiff filed against Nicholas Partridge, an Ohio dentist with a similar name, alleging identity fraud. He contends that Judge Corrigan should not have dismissed his case and states he is suing "this entire lawsuit case number 961582 located in the Cuyahoga County Common Pleas Courthouse."  He asserts claims under fifty-two federal statutes and seeks $1,000,000.00 in damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*.  (Doc No. 2).  That Application is granted.

1

**BACKGROUND**

Plaintiff Nicholas Denard Partridge resides in Decatur, Georgia and has lived in Georgia all of his life.  He recently discovered that there is a Nicholas Partridge who is a dentist with a practice in Mayfield, Ohio and Pepper Pike, Ohio.[1]  Plaintiff claims Dentist Nicholas Partridge stole his identity by sharing the same first and last name with him.  He brought a lawsuit for identity fraud against Dentist Nicholas Partridge in the Cuyahoga County Court of Common Pleas, Case No. CV22961582, on April 5, 2022.  The case was assigned to Judge Brian Corrigan who dismissed it prior to service on the Defendant for failure to state a claim.  Plaintiff claims Judge Corrigan was wrong in his analysis.

Plaintiff contends that several connections demonstrate that Dentist Nicholas Partridge is using his identity.  He claims his grandmother's address is on Parkland Drive in Decatur, Georgia while Dentist Nicholas Partridge has a dental office on Parkland Boulevard in Mayfield, Ohio.  Plaintiff was convicted of assault on a police officer in 2005 and the Judge that sentenced him was Richard T. Winegarden.  He states that Dentist Nicholas Partridge graduated from the Richard T. Farmer School of Dentistry at Miami University in Ohio.  He contends that Dentist Nicholas Partridge practices dentistry in Cuyahoga County.  Within Cuyahoga County is a City named Lyndhurst.  Plaintiff claims he has an aunt named Lynn Partridge.  Plaintiff alleges that his father's ex-wife lives in Chattanooga, Tennessee and "Cuyahoga County…is a signal of Chattanooga in [his] case." (Doc. No. 1 at 2).  Finally, Plaintiff claims that retired Georgia Judge Richard T. Winegarden may be involved in the identity theft because the court over which he presided is in Gwinnett County, Georgia.  The city of Lawrenceville, Georgia is

---

[1] He alleged in his Complaint in his Common Pleas Court case that he googled his name and discovered the dentist living in Mayfield, Ohio.

in Gwinnett County.  Within Lawrenceville, is a street named Corigan, which is similar to the last name of the Judge that dismissed his identity fraud case in the Cuyahoga County Court of Common Pleas.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*.

3

**DISCUSSION**

In reviewing a Complaint, the Court generally must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998). The Court, however, is given discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The case at bar undoubtedly presents just such a Complaint.

Identity fraud requires more than a mere coincidence of sharing the same first and last name as another individual. Indeed, it demonstrates only that two families with the surname of Partridge decided to name their sons Nicholas. Plaintiff does not allege he suffered an injury as a result of this coincidence, aside from suggesting that his friends and family, with no alleged connection to Northeast Ohio, may erroneously believe he is a dentist.

Moreover, eleven of Plaintiff's fifty-two claims against the Cuyahoga County Court of Common Pleas and Cuyahoga County Common Pleas Court Judge Brian Corrigan are based on alleged violations of federal criminal statutes. Criminal statutes do not provide a private right of action in a civil case. *Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008); *United States v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp*., 21 F.3d 502, 511 (2d Cir.1994).

Furthermore, all of Plaintiff's claims are factually and legally frivolous. He provides explanations for only twelve of them and those explanations are based on the most tenuous linguistic connections which do not piece together to form even a violation of the statutes cited. For example, he claims that Judge Corrigan ruled in favor of Nicholas Partridge. Nicholas Partridge is a Dentist. Dentists have access to insurance billing. Therefore, Judge Corrigan is

4

liable to him for healthcare fraud. He provides similar explanations for his claims of fraud and swindles, computer fraud, mailing threatening communications, conspiracy to commit offenses, conspiracy to commit health care fraud, conspiracy to defraud the United States, fraud by wire, radio or television, bank fraud, injunctions against fraud, and aggravated identity theft. These claims lack an arguable basis in law and fact. *Neitzke*, 490 U.S. at 327.

In addition, Plaintiff lists 40 statutes with no explanation of how they could possibly apply in this case. He states he is asserting claims under these statutes against Judge Corrigan and Dentist Nicholas Partridge, who is not a party to this case. He does not list a title number for any of these statutes but lists only the code section. These statutes include such random references as certification of checks, bank entries and transactions, federal credit institution entries and reports, the Federal Deposit Insurance Corporation, federal land bank mortgage transactions, naturalization and citizenship, highway projects, purchase or receipt of military or veteran's facilities, cancellation of farm debt, certificates by consular officers, Department of Housing and Urban Development transactions, the Employee Retirement Income Security Act and other seemingly irrelevant statutes. This list of statutes fails to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

Even if Plaintiff had stated a viable claim for relief, he cannot relitigate issues already decided by the state court and cannot file an action for damages against the Common Pleas Court or the Judge that presided over the state court case. The state court found Plaintiff's allegations against Dentist Nicholas Partridge to lack merit and dismissed the case. The doctrine of *res judicata* prevents Plaintiff from filing a second action in federal court based on the same events and occurrences as the state action. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has

already resolved the merits of a case, another court will not revisit them.  *Id*.  Furthermore,

Plaintiff cannot seek damages from Judge Corrigan for dismissing his case. Judges are

absolutely immune from money damages in civil suits based on decisions they made in a case.

*Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).

Finally, the Cuyahoga County Court of Common Pleas is not *sui juris*, meaning it is not a legal

entity separate from Cuyahoga County that can sue or be sued.  *Carmichael v. City of

Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014); *Black v. Montgomery Cty. Common Pleas

Court*, No. 3:18-CV-00123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018).  Claims against

this Defendant lack an arguable basis in law.

     **CONCLUSION**

     Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is

granted and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.

     **IT IS SO ORDERED.**

                        s/*Pamela A. Barker*
                        PAMELA A. BARKER
Date:  December 12, 2022         U. S. DISTRICT JUDGE